UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
MASSACHUSETTS

SAMUEL SPITALNY, et al.

Plaintiffs,

v.

NICHOLAS FIORILLO, et al.,

Defendants.

C.A. No. _____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants Nicholas Fiorillo, et al. (the "Defendants"), by and through their attorney, Neil Kreuzer, hereby remove this action from the Suffolk County Superior Court to the United States District Court for the Eastern District of Massachusetts.. The Defendants further state the following:

1.  On or about December 21, 2021, a civil action was commenced against the Defendants in the Suffolk County Superior Court in the Commonwealth of Massachusetts, entitled Samuel Spitalny, et al., vs. Nicholas Fiorillo et al., Docket No. 2184CV02894 (the "Superior Court Action").

2.  Upon information and belief, some, but not all Defendants have been served in the Superior Court Action. Plaintiffs' counsel provided a copy of the Amended Verified Complaint and the civil action cover sheet via electronic mail to Defendants' counsel on December 23, 2021. A copy of the pleadings, which includes the Verified Complaint, Civil

Action cover sheet, Plaintiff's Motion for Preliminary Injunction and Reach and Apply Relief; Motion for Short Order of Notice; Motion to Appoint Special Process Server, and Proposed Orders is attached hereto, and constitute the only pleadings and orders that have been received by the Defendants in the Superior Court Action.

3. This is a federal action for damages between the parties whom reside and operate their businesses throughout the east coast, in the states of Georgia, Delaware, New York, Connecticut and Massachusetts. The corporate Defendants, Gotspace Data Equity Fund 1, LLC, GS Beverly, LLC and GS Gloucester, LLC, Gotspace Self Storage Holdings, LLC Gotspace Beverly, LLC and Gotspace Gloucester, LLC are Delaware Corporations with foreign corporation status in Massachusetts and are Plaintiff's in counter claims. The Plaintiffs in counter claim are seeking damages arising from several causes of action, including multiple violations of federal laws including but not limited to: Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1968(c)), Securities & Exchange Act of 1933, 15 U.S.C. § 77a et al.,2010 Dodd-Frank Act, Truth in Lending Act (TILA) & (12 CFR Part 226) . All such corporate defendants and plaintiffs in counter claims, are registered in the state of Massachusetts with authority to operate in the state. Nicholas Fiorillo, Co- Defendant and Plaintiff in counter claims of this action, in his capacity as a corporate guarantor, is a resident of Massachusetts and the corporate entities he controls, have conducted business and pursued substantial real estate developments in the states of Massachusetts, Rhode Island,,Connecticut, and New Hampshire.

4. In the state action, the Plaintiffs seek alleged damages arising from causes of action, regarding an alleged unpaid note that has been since discharged and paid in full. The Defendant's and Plaintiff's in counter claim, allege they are the victims of sophisticated criminal predatory lending and investment enterprise, a "loan to own-loan sharking" racketeering enterprise being perpetrated against their self-storage, residential and data development real estate businesses in the states of Massachusetts, Rhode Island,Connecticut and Delaware. This criminal conspiracy that has

been ongoing and continuing up and until this day, its sole purpose is to usurp tens of millions of dollars in cash, property and development rights away from the Plaintiff's in counter claim, through a sophisticated multi-faceted criminal enterprise. The ring leaders of this criminal enterprise, Raymond and Joan Green, Steven Quillinan, Samuel, Jake, Peter Spitalny Family, a.k.a. "RJGSF Racketeering Enterprise", has worked with attorney George McLaughlin, Fiorillo's former attorney and rebuked partner in the Swansea Mall development and 330 Charger Street Storage, where McLaughlin has acted as the main consigliere, aiding and abetting the RJGSF, in bilking millions of dollars in cash and equity from Gotspace Data Fund 1, LLC, Gotspace Data and Development and their affiliated companies, Ocean Development Partners, LLC and Ocean Realty Partners, LLC , where the RJGSF with the tactical assistance of McLaughlin, continues to illegally usurp property and monies away from the Plaintiff's in counter claims, affiliate partnerships and corporations, from at least 2010-2021 by and through their operation of the RJGSF Loan to own, Loan Sharking operation, in violation of numerous federal laws including but not limiting to the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1968(c)), Securities & Exchange Act of 1933, 15 U.S.C. § 77a et al.,2010 Dodd-Frank Act, Truth in Lending Act (TILA) & (12 CFR Part 226),The Whistleblower Protection Act of 1989, 5 U.S.C. 2302-, Pub.L. 101-12 as amended.

Additionally, the main objective of the RJGSF Enterprises state court action against Gotspace Data et al, is a baseless allegation that long retired note of $5,150,000 remains unpaid and is now due and payable on the very date their collection suit was filed. In their own papers and pleadings the $9,650,000 that was negotiated and further advanced against, retired the early note and induced the advance of an additional $950,0000 to the benefit of Raymond and Joan Green. See paragraph 21 et al. And paragraph 150 -163 and further referenced in exhibit H of the Complaint. The plaintiffs allege that "Plaintiffs have not received any of the payments or other consideration due under the Note, including but not limited to the principal, interest…" clearly the $9,650,000 note and further

advance of the $950,000 memorializes the repayment of the note that is purported to be unpaid. In other words, Plaintiffs are demanding damages in excess of $5 million when there is in fact no damages or a note that is due or payable evidence within their own complaint. See also civil cover sheet.

5. This Court has original jurisdiction of this action on the basis of diversity of citizenship, under 28 U.S.C. § 1332, federal question jurisdiction, under 28 U.S.C § 1331, and removal jurisdiction under 28 U.S.C. § 1441(a).

6. The Defendants will provide written notice of the filing of this notice to the Plaintiffs, as required by 28 U.S.C. § 1446(d).

7. A copy of this Notice will be filed with the Clerk of the Superior Court for the County of Suffolk, Massachusetts, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants respectfully request that this action proceed in this Court as an action properly removed hereto.

Respectfully submitted,

NICHOLAS FIORILLO and all other defendants,

By their attorney,

NEIL KREUZER and

KEVIN B. SALVAGGIO

Date: December 28, 2021     By: /s/ *Neil Kreuzer*
Neil Kreuzer, BBO # 630976

268 Newbury St., 4th Floor
Boston, MA 02116
Telephone: (617) 872-5347
Email: nkreuzer@aol.com

Date: December 28, 2021          By: /s/ Kevin B. Salvaggio
                                                         Kevin B. Salvaggio, RI Bar #6385
                                                         150 Niantic Avenue
                                                         Providence, RI 02908
                                                         Acting as Of Counsel
                                                         Pro Hac Vice
                                                         Email: ks6@cox.net
                                                         Telephone: (401) 626-9300

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2021, a true copy of the above document was served upon the following attorneys of record for plaintiff by electronic filing, email and mailing:

Matthew E. Burke, Esq.
The McLaughlin Brothers, P.C.
One Washington Mall,
16th Floor,
Boston, Massachusetts 02108
mburke@mclaughlinbrothers.com

                                              */s/ Neil Kreuzer*
                                              Neil Kreuzer, Esq.