LAW OFFICES OF
## THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16ᵗʰ Floor*
*Boston, MA 02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*

December 21, 2021

**RECEIVED**

**DEC 21 2021**

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

*Via Hand Delivery*

Civil Clerk's Office
Suffolk Superior Court
13 Pemberton Square, 12ᵗʰ Floor
Boston, MA

Re:     Spitalny, et al. v. Fiorillo, et al.

Enclosed for filing in the above-referenced matter, please find the following:

1.     Verified Complaint and Demand for Jury Trial;

2.     Civil Action Cover Sheet (with List of Parties Attached);

3.     Plaintiff's Motion for Preliminary Injunction and Reach and Apply Relief;

4.     Motion for Short Order of Notice;

5.     Motion to Appoint Special Process Server;

6.     Proposed Order for Preliminary Injunction; and

7.     Proposed Order for Equitable Injunction and Reach and Apply Relief.

Thank you for your assistance with this matter.  If you have any questions, please give me a call.

Sincerely,

THE McLAUGHLIN BROTHERS, P.C.

By: _____

Matthew E. Burke

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK. SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO.

)
SAMUEL B. SPITALNY. JACOB L.          )
SPITALNY, STEPHEN QUILLINAN and       )
S&Q DATA LLC.                         )
                                      )
    Plaintiffs,                     )
                                      )
v.                                    )      **VERIFIED COMPLAINT AND**
                                      )      **DEMAND FOR JURY TRIAL**
NICHOLAS FIORILLO and                 )
GOTSPACE DATA EQUITY FUND.            )
LLC.                                  )
                                      )      **RECEIVED**
    Defendants,                     )
                                      )      DEC 2 1 2021
AND                                   )
                                      )      SUPERIOR COURT-CIVIL
NICHOLAS FIORILLO.                    )      MICHAEL JOSEPH DONOVAN
GOTSPACE DATA EQUITY FUND,            )      CLERK/MAGISTRATE
LLC. GOTSPACE EQUITY FUND I.          )
LLC, GOTSPACE EQUITY FUND 1, LLC,)
GOTSPACE SELF STORAGE,                )
HOLDINGS, LLC, GOTSPACE               )
MANAGEMENT. LLC. GS BEVERLY.          )
LLC. GS GLOUCESTER. LLC,              )
GOTSPACE BEVERLY, LLC and             )
GOTSPACE GLOUCESTER. LLC,             )
                                      )
    Reach and Apply Defendants.     )
                                      )

## I. PARTIES

1.  Plaintiff, Samuel B. Spitalny ("Samuel"). is an individual residing at 505 Overbrook

    Drive N.W., Atlanta, Fulton County, Georgia.

2.  Plaintiff, Jacob L. Spitalny ("Jacob"). is an individual residing at 12 Cherry Tree Road,

    Loudonville. Albany County. New York.

3.  Plaintiff, Stephen Quillinan ("Stephen"), is an individual residing at 1 Bowdoin Street, No. 412, Everett, Middlesex County, Massachusetts.

4.  Plaintiff, S&Q Data, LLC ("S&Q"), is a Massachusetts limited liability company having a principal and usual place of business at 268 Newbury Street, 4th Floor, Boston, Suffolk County, Massachusetts.

5.  Defendant and Reach and Apply Defendant, Nicholas Fiorillo ("Fiorillo"), is an individual residing in Massachusetts and having a principal and usual place of business at 468 Newbury Street, 4th Floor, Boston, Suffolk County, Massachusetts.

6.  Defendant and Reach and Apply Defendant, Gotspace Data Equity Fund, LLC ("Gotspace"), is a Massachusetts limited liability company having a principal and usual place of business at 268 Newbury Street, 4th Floor, Boston, Suffolk County, Massachusetts.

7.  Reach and Apply Defendant, Gotspace Equity Fund I, LLC, is a Delaware limited liability company having a principal and usual place of business at 268 Newbury Street, 4th Floor, Boston, Suffolk County, Massachusetts.

8.  Reach and Apply Defendant, Gotspace Equity Fund 1, LLC, is a Massachusetts limited liability company having a principal and usual place of business at 268 Newbury Street, 4th Floor, Boston, Suffolk County, Massachusetts.

9.  Reach and Apply Defendant, Gotspace Self Storage Holdings, LLC, is a Delaware limited liability company having a principal and usual place of business at 268 Newbury Street, 4th Floor, Boston, Suffolk County, Massachusetts.

10. Reach and Apply Defendant, Gotspace Management, LLC, is a Massachusetts limited liability company having a principal and usual place of business at 268 Newbury Street,

4th Floor. Boston. Suffolk County. Massachusetts.

11.     Reach and Apply Defendant, GS Beverly. LLC. is a Delaware limited liability company having a principal and usual place of business at 268 Newbury Street. 4th Floor. Boston. Suffolk County. Massachusetts.

12.     Reach and Apply Defendant. GS Gloucester. LLC. is a Delaware limited liability company having a principal and usual place of business at 268 Newbury Street. 4th Floor. Boston. Suffolk County. Massachusetts.

13.     Reach and Apply Defendant, Gotspace Beverly. LLC. is a Delaware limited liability company having a principal and usual place of business at 268 Newbury Street. 4th Floor. Boston. Suffolk County. Massachusetts.

14.     Reach and Apply Defendant. Gotspace Gloucester. LLC. is a Delaware limited liability company having a principal and usual place of business at 268 Newbury Street. 4th Floor. Boston. Suffolk County, Massachusetts.

## II. JURISDICTION AND VENUE

15.     Pursuant to G.L. c. 223A §2. this Court has direct and personal jurisdiction over Gotspace. because it is organized under the laws of Massachusetts and because it maintains a principal and usual place of business in the Commonwealth. In addition. pursuant to G.L. c. 223A §3. this Court has direct and personal jurisdiction over Gotspace because this action involves Gotspace transacting business within the Commonwealth.

16.     Pursuant to G.L. c. 223A §2. this Court has direct and personal jurisdiction over Fiorillo. because he maintains a principal and usual place of business in the Commonwealth and/or because he is domiciled in the Commonwealth. In addition. pursuant to G.L. c. 223A §3. this Court has direct and personal jurisdiction over Fiorillo, because this action

involves Fiorillo transacting business and committing tortious actions within the Commonwealth.

17.  In addition, this Court has jurisdiction over Gotspace and Fiorillo because, pursuant to Paragraph 5.4 of the Note that is the subject matter of this litigation, Gotspace and Fiorillo agreed that (a) Massachusetts law would govern the Note and (b) that "any action hereon or relating hereto may be maintained in a court of competent subject-matter jurisdiction location in that state [Massachusetts]" and they consented to "the jurisdiction of any such court for all purposes connected herewith."

18.  Pursuant to G.L. c. 223A §2, this Court has direct and personal jurisdiction over Reach and Apply Defendants Gotspace Management, LLC and Gotspace Equity Fund 1, LLC, because they are organized under the laws of Massachusetts. In addition, pursuant to G.L. c. 223A §3, this Court has direct and personal jurisdiction over Gotspace Management, LLC and Gotspace Equity Fund 1, LLC, because this action involves them transacting business within the Commonwealth.

19.  Pursuant to G.L. c. 223A §3, this Court has direct and personal jurisdiction over Reach and Apply Defendants Gotspace Equity Fund I, LLC, Gotspace Self Storage Holdings, LLC, GS Beverly, LLC, GS Gloucester LLC, Gotspace Beverly, LLC and Gotspace Gloucester, LLC, because this action involves them transacting business in the Commonwealth.

20.  Pursuant to G.L. c. 223 §1, this Court is a proper venue for this action, because both Defendants, Gotspace and Fiorillo, maintain their usual place of business in Suffolk County.

4

## III.  FACTUAL BACKGROUND

21.   On February 15, 2021, Gotspace made and delivered a Confidential Promissory Note and Profit Sharing Agreement (the "Note") pursuant to which Gotspace promised to pay the Plaintiffs $5,150,000, "with interest and other advances thereon."  A copy of the Note is attached hereto and incorporated herein by reference as Exhibit A.

22.   Fiorillo did not file Articles of Organization with the Massachusetts Secretary of the Commonwealth's Office to create Gotspace until August 9, 2021.

23.   Upon information and belief, Fiorillo is the sole Member of Gotspace and also its sole Manager.

24.   Fiorillo signed the Note twice: once in his capacity as the Manager of Gotspace and once in his individual capacity as a personal guarantor of the Note.

25.   On or about February 16, 2021, the Plaintiffs paid $5,150,000 to Gotspace and Fiorillo in consideration of the Note.

26.   $5,000,000 was paid by the Plaintiffs in cash.  Proof of payment of the $5,000,000 is attached hereto and incorporated herein by reference as Exhibit B.

27.   $150,000 of the $5,150,000 came from Stephen, who Fiorillo owed $150,000 as a commission for obtaining the $5,000,000 investment from Samuel and Jacob, and the parties agreed to roll the $150,000 commission into the Note, bringing the total owed by Gotspace and Fiorillo under the Note to $5,150,000.

28.   Pursuant to Paragraph 1 of the Note, December 20, 2021 is the maturity date of the Note (the "Maturity Date").

29.   The maturity date has passed and Gotspace and Fiorillo have not paid what is owed under the Note.

30.    Pursuant to Paragraph 2.1 of the Note, Gotspace is required to pay interest at a rate of five percent (5%) per annum (non-compounding) based on a 365-day year.

31.    Pursuant to Paragraph 2.1 of the Note, interest begins accruing as of February 15, 2021 and becomes due as of the Maturity Date.

32.    Paragraph 3.1 of the Note obligated Gostpace and Fiorillo to provide security for the Note in the form of "all membership interests held by [Fiorillo] in GS Beverly, LLC and GS Gloucester, LLC" (the "GS Entities" and the "Security Interests").

33.    GS Beverly, LLC is the sole Member and Manager of Gotspace Beverly, LLC, which owns the property located at and known as 130 Sohier Road, Beverly, Essex County, Massachusetts (the "Beverly Ownership" and the "Beverly Property").

34.    GS Gloucester, LLC is the sole Member and Manager of Gotspace Gloucester, LLC, which owns the property located at and known as 31 Willow Street, Unit A, 18 Sargent Street, Units 2 and 3, 21 Sargent Street and 39 Sargent Street, Gloucester, Essex County, Massachusetts (the "Gloucester Ownership" and the "Gloucester Property").

35.    The Beverly Property and the Gloucester Property are extremely valuable self-storage facilities that constitute the primary assets of the parties' joint venture business dealings in Massachusetts through a series of entities as shown on the Organizational Charts attached hereto and incorporated herein by reference as Exhibit C.

36.    The Security Interests were intended to secure Gotspace's and Fiorillo's payment of the Note by giving the Plaintiffs a security interest in the Beverly Property and the Gloucester Property.

37. Fiorillo holds interests in the GS Entities as follows:

    a.    Fiorillo owns a 65% interest in Gotspace Equity Fund 1, LLC ("GEF1"), which holds 95% of the Class A interests in both of the GS Entities;

    b.    Fiorillo owns a 90% interest in Gotspace Self Storage Holdings, LLC, which holds 90% of the Class B (i.e. non-equity and non-controlling) interests in both of the GS Entities; and

    c.    Fiorillo owns a 100% interest in and is the Manager of Gotspace Management, LLC, which is the Manager of both of the GS Entities.

38. By virtue of his 100% ownership interest in and position as Manager of Gotspace Management, LLC, which is the Manager of both GS Entities, Fiorillo controls both GS Entities.

39. Because the GS Entities are the sole Members and Manager of the Beverly Ownership and the Gloucester Ownership, respectively, Fiorillo has substantial control over the Beverly Property and the Gloucester Property.

40. Samuel and Jacob own a 35% interest in GEF1 through an entity named S&J Bros Self Storage, LLC ("S&J Bros").

41. The GEF1 Operating Agreement appoints S&J Bros as the initial and sole Manager of GEF1 and requires the parties' lender, BVF Lender ADV, LLC ("BlueVista"), which financed the purchases of the Beverly Property and the Gloucester Property, to assent in writing prior to removal or replacement of S&J Bros as Manager or for an additional Manager to be appointed.

42. BlueVista has never assented to removal or replacement of S&J Bros as Manager of GEF1 or to the appointment of an additional Manager of GEF1.

43. To date, Gotspace and Fiorillo have failed and refused to convey the Security Interests to the Plaintiffs, and the Plaintiffs have not received the same.

44. The GEF1 Operating Agreement also requires 70% of the voting membership to agree in writing to any amendment of the Operating Agreement, and therefore the GEF1 Operating Agreement cannot be amended without the written assent of both Fiorillo and S&J Bros.

45. S&J Bros has never provided written consent to any amendment of the GEF1 Operating Agreement.

46. Instead, Fiorillo has responded to the Plaintiffs' September 3, 2021 Notice and the Plaintiffs' November 8, 2021 Demand (described below), by attempting to unilaterally enact amendments to the GEF1 Operating Agreement and then rely on those invalid amendments to remove S&J Bros from both its Membership and position as Manager of GEF1.

47. Paragraph 3.2 of the Note states as follows:

"As an additional inducement to provide this advance to [Gotspace], [the Plaintiffs] shall be granted a 20% limited partnership membership interest in Preference A shares that shall be held in [S&Q]. Upon refinance and/or resale of specific data centers, [the Plaintiffs] shall have their note repaid, and receive a profit equal to their initial $5,150,000 investment, inclusive of their accrued 5% interest of this promissory note, plus 20% of the net profit realized for the duration of [Gotspace's] data development project" (the "Inducement").

48. As a result of the promises made and obligations created by Paragraph 3.2, S&Q is a third-party beneficiary of the Note.

49. Samuel, Jacob and Stephen are the Members of S&Q, and Samuel and Jacob are S&Q's Managers.

50. To date, Gotspace and Fiorillo have failed and refused to convey the Inducement to the Plaintiffs, and the Plaintiffs have not received the same.

51.   Paragraph 4 of the Note defines "Events of Default" as follows:

    a.   Paragraph 4.1 - "Failure to make a payment due on this Note, as and when due."

    b.   Paragraph 4.2 - "Any material breach or default by [Gotspace and/or Fiorillo] in connection with this Note, with any other document now or subsequently evidencing indebtedness of [Gotspace and/or Fiorillo] to [the Plaintiffs], or of any security agreement delivered in connection herewith or therewith."

    c.   Paragraph 4.3 - "Insolvency of [Gotspace and/or Fiorillo]or the appointment of a receiver, trustee or custodian of any of [Gotspace's and/or Fiorillo's] property; failure of [Gotspace and/or Fiorillo] to pay other material obligations, as and when due, attachment of or execution or the filing of a lien against property of [Gotspace and/or Fiorillo] that is not promptly discharged."

    d.   Paragraph 4.4 - "Sale, transfer or conveyance of any collateral encumbered or pledged to secure this Note or to secure any guarantee thereof, or of any interest in such collateral, however occurring, without prior written consent of the Payee, or the termination, material modification or suspension of any guarantee of this Note (if any) or of any subordination of debt hereto."

    e.   Paragraph 4.5 - "If a court or agency having jurisdiction makes a determination of invalidity or unenforceability (in whole or in material part) of any security document delivered in connection herewith."

52.   Pursuant to Paragraph 5.2 of the Note, Gotspace and Fiorillo agreed to waiver of demand, presentment for payment and other forms of notice and agreed to pay "all costs of collection when incurred by [the Plaintiff's], including reasonable attorney's fees, following an Event of Default hereunder."

53.   Paragraph 5.6 of the Note states as follows:

> "[Gotspace] intends to use the proceeds for its contemplated purchase contract deposits for data site speculation in the state of Connecticut. Proceeds shall be used for refundable deposits and associated expenses for the pursuit of contracts to purchase specific development sites, that [Gotspace] has identified.  It is the goal of the partnership to pursue, acquire and/or resell or develop Hyper Link Data Campuses in Connecticut."

54.   Upon information and belief, Gotspace and Fiorillo diverted over \$2,000,000 of the \$5,150,000 provided to them by the Plaintiffs pursuant to the Note to paying off Fiorillo's personal debts or the debts of other corporations, entities or ventures, in which Fiorillo is involved.

55.   Upon information and belief, Fiorillo also diverted funds to his personal use for deposits and other expenditures for unrelated self-storage business deals and for repairs and other expenses related to properties he owns in Nantucket, Newton and Harwichport, Massachusetts.

56.   Paragraph 5.7 states that "the undersigned [Fiorillo] unconditionally guaranties, in accordance with the terms hereof and without any prior written notice, the payment and performance of the liabilities of this Note of [Gotspace] to [the Plaintiffs]."

57.   The Note is notarized in the form of a jurat, reciting that the signatures on the Note are in fact Fiorillo's signatures, that he signed the Note voluntarily and that he swore that the contents of the Note are truthful and accurate.

58.   The notary public also signed as a witness for each of Fiorillo's signatures.

59.   On or about August 6, 2021, Fiorillo contacted the Plaintiffs to request that the Plaintiffs advance an additional \$500,000 to Gotspace and Fiorillo under the Note.

60.   On or about August 6, 2021, the Plaintiffs paid an additional \$500,000 to Gotspace and Fiorillo under the Note.  Proof of payment of the \$500,000 is attached hereto and

incorporated herein by reference as Exhibit D.

61.     On or about August 20, 2021, Fiorillo contacted the Plaintiffs to request that the Plaintiffs
        advance an additional $450,000 to Gotspace and Fiorillo under the Note.

62.     On or about August 20, 2021, the Plaintiffs paid an additional $450,000 to Gotspace and
        Fiorillo under the Note. Proof of payment of the $450,000 is attached hereto and
        incorporated herein by reference as Exhibit E.

63.     With respect to the additional $950,000, Fiorillo requested and was paid, Fiorillo told the
        Plaintiffs that unless Gotspace and Fiorillo received the $950,000 immediately, then the
        Plaintiffs, Gotspace and Fiorillo would lose contractual rights to properties in
        Connecticut that they were trying to purchase.

64.     Upon information and belief, Gotspace and Fiorillo have continued to misappropriate and
        spend the funds paid to them by the Plaintiffs under the Note for purposes outside the
        purposes permitted by the terms of the Note, including Fiorillo's personal debts, expenses
        and purchases.

65.     On September 3, 2021, the Plaintiffs sent notice to Gotspace and Fiorillo of their Events
        of Default resulting from the failure to convey the Security Interests to the Plaintiffs and
        their misappropriation of the funds loaned to them by the Plaintiffs, giving Gotspace and
        Fiorillo forty-five (45) days to pay all sums due under the Note (the "September 3, 2021
        Notice"). A copy of the September 3, 2021 Notice is attached hereto and incorporated
        herein by referenced as Exhibit E.

66.     On September 24, 2021, Gotspace and Fiorillo responded to the Plaintiffs' September 3,
        2021 letter by falsely claiming that a proposed promissory note had somehow "retired"
        the Note, despite the fact that the proposed promissory note had not been signed by all

parties, which is required under Paragraph 5.5 of the Note for any amendment, change or modification of the Note to be valid and effective (the "September 24, 2021 Response"). A copy of the September 24, 2021 Response is attached hereto and incorporated herein by reference as Exhibit F.

67.   On November 8, 2021, the Plaintiffs sent Gotspace and Fiorillo a demand for immediate payment of all sums due under the Note, including interest and reasonable attorneys fees (the "November 8, 2021 Demand"). A copy of the November 8, 2021 Demand is attached hereto and incorporated herein by reference as Exhibit G.

68.   To date, Gotspace and Fiorillo have not paid or transferred and the Plaintiffs have not received any of the payments or other consideration due under the Note, including but not limited to the principal, interest, the Security Interests, the Inducement and the costs of collection, including reasonable attorneys fees.

69.   Starting sometime in the month of November 2021, Fiorillo began sending letters and emails to the Plaintiffs claiming that the Note was void and unenforceable.

70.   In addition, on documents purporting to be dated November 7, 2021, Fiorillo, falsely claiming to be a Manager of GEF1, attempted to unilaterally enact three (3) amendments to the GEF1 Operating Agreement, two (2) of which purported to add provisions regarding the Securities Act of 1933 and "expulsion" of Members and Managers, respectively, and one (1) purporting to invoke the new provisions to expel S&J Bros from GEF1 as both a Member and Manager (the "Invalid Amendments"). Copies of the Invalid Amendments are attached hereto and incorporated herein by reference as Exhibit H.

71.   On November 23, 2021, the Plaintiffs sent notice and demand to Fiorillo (a) informing him that the Invalid Amendments were void *ab initio* and of no legal effect for failure to obtain BlueVista's written consent to changes in S&J Bros' status as the sole Manager of GEF1 and for failure to obtain S&J Bros' written assent to amendment of the GEF1 Operating Agreement and (b) demanding that Fiorillo cease and desist his attempts to amend the GEF1 Operating Agreement and/or to remove S&J Bros from GEF1 and become the sole Member and Manager thereof.   A copy of the Plaintiffs' November 24, 2021 letter is attached hereto and incorporated herein by reference as Exhibit I.

72.   Fiorillo's primary residence on Kales Way in Harwich Port is currently being foreclosed and, in attempts to thwart said foreclosure, Fiorillo has filed bankruptcy two (2) times in 2021 for a corporation that is involved in the ownership and financing of that property. Copies of the foreclosure notices and the bankruptcy docket sheets are attached hereto and incorporated herein by reference as Exhibit K.

73.   Upon information and belief, Fiorillo and Gotspace do not possess the funds or assets to fully pay and satisfy the judgment in this matter.

74.   Upon information and belief, Fiorillo and Gotspace do not possess any insurance that would be available to fully pay and satisfy the judgment in this matter.

## COUNT I - BREACH OF CONTRACT

### (Plaintiffs v. Fiorillo)

75.   The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 74 above as if each were set forth fully herein.

76.   The Note is a valid and binding contract.

77. The Plaintiffs have fulfilled all their obligations under the Note by paying $5,150,000 to Gotspace and Fiorillo and then advancing an additional $950,000 to Gotspace and Fiorillo.

78. Paragraphs 1 and 5.7 of the Note set December 20, 2021 as the Maturity Date of the Note and require Firoillo to personally guaranty payment of all amounts due under the Note on or before the Maturity Date and to pay the same if Gotspace has failed to do so.

79. Pursuant to paragraph 4.1 of the Note, Gotspace has breached the Note by failing to pay all amounts due under the Note on or before the Maturity Date.

80. Pursuant to Paragraph 4.1 of the Note, Fiorillo has breached the Note by failing to satisfy his personal guaranty and pay all amounts due under the Note on or before the Maturity Date.

81. Paragraph 3.1 of the Note contractually obligated Fiorillo to convey the Security Interests to the Plaintiffs.

82. Pursuant to Paragraphs 4.2 and 4.4 of the Note, Fiorillo breached the Note and created an Event of Default by failing to covey the Security Interests to the Plaintiffs.

83. Pursuant to the Note, Fiorillo is subject to a duty to deal with the Plaintiffs with utmost good faith and fair dealing.

84. Pursuant to Paragraphs 4.2 of the Note, Fiorillo further breached the Note and created an Event of Default by dealing in bad faith and unfairly with the Plaintiffs by repudiating the Note and falsely claiming that it is void.

85. Pursuant to Paragraph 4 of the Note, Gotspace and Fiorillo received written notice of Fiorillo's Events of Default.

































































































































