UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-CV-12140

|  |  |
|---|---|
| SAMUEL SPITALNY, et al. | ) |
| Plaintiff, | ) |
| v. | ) |
| NICHOLAS FIORILLO, et al., | ) |
| Defendant. | ) |

## PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR EMERGENCY OR EXPEDITED RELIEF

NOW COME the plaintiffs in the above-captioned case, Samuel B. Spitalny, Jacob L. Spitalny, Stephen Quillinan and S&Q Data, LLC (the "Plaintiffs"), and submit the following Plaintiffs' Motion to Remand and Request for Emergency or Expedited Relief. The Plaintiffs state as follows:

1. On December 21, 2021, Plaintiffs filed a Verified Complaint (the "Complaint") against the defendants, Nicholas Fiorillo, et al. ("Defendants") in the Suffolk Superior Court, Commonwealth of Massachusetts, captioned Samuel B. Spitalny et al. v. Nicholas Fiorillo, et al., Civil Action No. 21-02894. A copy of the Complaint is included in the removal paperwork filed by the Defendants. The Complaint asserts claims against Defendants arising exclusively out of Massachusetts state law. The claims arise out of a Promissory Note (the "Note") executed between the parties. Certain defendants borrowed $5,150,000 from Plaintiffs, which was memorialized by the Note. Defendants have failed to repay the debt after the expiration of the maturation date under the Note and additionally have breached its terms in other manners. Plaintiffs have filed claims for legal remedies under state law, including claims for breach of

contract and enforcement of a guaranty, as well as related state equitable and statutory remedies. Plaintiffs have not pled any claims arising under federal law, and Defendants have not alleged that the Complaint contains any federal claims.

2. The Plaintiffs include Stephen Quillinan, a resident of Massachusetts. Defendants include Nicholas Fiorillo, who has admitted in Defendants' Notice of Removal that he is a resident of Massachusetts.

3. Plaintiff filed an accompanying Motion for Preliminary Injunction on December 21, 2021, requesting, *inter alia,* that Defendants be enjoined from dissipating assets that Defendants agreed to provide as security under the promissory note or that should be available for collection of judgment in the case. The Suffolk Superior Court scheduled a hearing on the Motion for Preliminary Injunction on December 29, 2021 at 11:00 am.

4. After business on December 28, 2021, Defendants filed a Notice of Removal (the "Notice") in this caset. The Notice alleges federal jurisdiction based on diversity jurisdiction and federal question jurisdiction. and that the case is therefore removable under 28 U.S.C. § 1441. The Notice admits that the individual defendant, Nicholas Fiorillo, resides in Massachusetts. It alleges that the Court has jurisdiction based on issues of federal law that the Defendants intend to raise in future counterclaims. **The Defendants have not asserted that the Complaint raises any federal issues.**

5. As a result of the Notice, the hearing has been cancelled and the Plaintiffs have not been able to obtain the preliminary security to protect their ability to recover under any judgment that they obtain in this case. Shortly after Defendants filed the Notice, on December 29, 2021, another creditor filed suit in Suffolk Superior Court against Defendants and others and filed motions for preliminary equitable relief that are nearly identical to those requested by

Plaintiffs.[1] Plaintiffs are concerned that the delay associated with the removal of this case will cause them to fall behind other creditors regarding judgment security despite having been the first creditor to file a case against Defendants. On information and belief, Defendants are insolvent but for their ownership of limited specific assets through corporate subsidiaries.

6. Further Plaintiffs believe that the removal has been filed for a dilatory purpose rather than due to a good faith belief that this Court has removal jurisdiction. There is no basis for removal. Additionally, Defendants failed to file a civil action cover sheet along with the removal paperwork and have persisted in that failure after notice of the requirement from the clerk on December 29, 2021. This failure has delayed the assignment of this case to a judge, thereby further preventing Plaintiffs from addressing their requests for preliminary relief. Plaintiffs believe that Defendants are seeking, through collusive or other means, to give other creditors a preferential position for Defendants' own purposes.

7. This Court may remove a state court case that is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441 (b). Under the "well-pleaded complaint rule," federal question jurisdiction exists only where the federal question is presented on the face of the plaintiff's properly pleaded Complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The fact that a plaintiff could have asserted federal claims but did not is not a basis for removing a case to federal court. Commonwealth v. Phillip Morris, Inc. 942 F.Supp. 690, 694 (D. Mass. 1996).  The plaintiff is the "master of the claim," and may "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392.  The defendant may not create federal jurisdiction by asserting defenses or counterclaims that require interpretation of federal law. Id. at 399.  The

---

[1] Raymond C. Green, Inc. v. Delpidio et al., Suffolk Superior Court Civil Action No. 21-2950.

removal statute is to be strictly construed against removal, with doubts resolved in favor of remand.  Kingsley v. Lania, 221 F.Supp.2d 93, 95 (D. Mass. 2002).

8. Defendants make no claim that the Complaint itself raises federal issues.  Instead, Defendants assert that they are seeking to make claims as counterclaimants for violations of federal law, which envisioned counterclaims are not before this Court or any other court. Notice, ¶ 3. This assertion is irrelevant to the issue of removal under 28 U.S.C. § 1441.  The assertion of a counterclaim arising under federal law does **not** create federal jurisdiction permitting removal. Caterpiller, Inc., 482 U.S. at 399.

9. Further, Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. §1332 but offer no support in the Notice for the proposition that diversity of citizenship exists in this case.  To the contrary, Defendants effectively concede that there is no such diversity.  Defendants admit that defendant, Nicholas Fiorillo (the lead defendant listed in the Notice), is a resident of Massachusetts. Notice. ¶ 3. This case cannot be removed to federal court on the basis of diversity of citizenship if **any defendant** is a resident of Massachusetts. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Nicholas Fiorillo, a defendant in this action, is a resident of Massachusetts by his own admission.  Neither he nor any other defendant may remove this case based on diversity jurisdiction. Additionally, removal based on diversity jurisdiction is permissible only where there is "complete diversity between all named plaintiffs and all named defendants." Lincoln Property Co. v. Roche, 546 U.S. 81, 82 (2005). Both plaintiff, Stephen Quillinan, and defendant, Nicholas Fiorillo, are residents of Massachusetts, and therefore "complete diversity" is lacking.

10.     Lacking jurisdiction under both 28 U.S.C. § 1331 and 1332, this Court has no original jurisdiction to hear the case and accordingly lacks jurisdiction to accept jurisdiction by removal.

11.     Pursuant to 28 U.S.C. §1447 (c), if the Court orders this case remanded, it may award Plaintiffs their reasonable expenses, including attorneys' fees.  It is particularly appropriate for the Court to award such expenses in this case because the lack of federal jurisdiction is plain on the face of the Notice and because the Notice was filed for dilatory purposes.

12.     Plaintiffs request that the Court act in an emergency or expedited basis pursuant to Local Rule 40.4. The removal appears to be designed to delay the Plaintiffs' ability to obtain security towards their eventual judgment and to place competing creditors in a preferential position. If this Motion is required to be heard in the ordinary course under the rules, Plaintiffs will be prejudiced such that any judgment obtained in the matter may become uncollectable due to the Defendants' insolvency and the positioning of other creditors. Additionally, no judge has been assigned to this case due to Defendants' failure to file required paperwork, and therefore it is appropriate for the case to be heard pursuant to L.R. 40.4.

**WHEREFORE,** Plaintiffs respectfully request this Court to remand this case to the Suffolk Superior Court, Commonwealth of Massachusetts, and award payment of just costs and actual expenses, including attorneys' fees, incurred as a result of this Motion, pursuant to 28 U.S.C. § 1447 (c).

        Respectfully Submitted,

        SAMUEL B. SPITALNY, JACOB L. SPITALNY, STEPHEN QUILLINAN and S&Q DATA LLC,

        By their Attorneys,

        THE McLAUGHLIN BROTHERS, P.C.,

        By:   /s/ *Joel E. Faller*
            George A. McLaughlin, III
            BBO No. 544822
            Joel E. Faller
            BBO No. 659474
            Matthew E. Burke
            BBO No. 651912
            One Washington Mall, 16th Floor
            Boston, MA  02108
            (617) 523-7165
            MBurke@mclaughlinbrothers.com

Dated:  January 4, 2022

## CERTIFICATE OF ATTEMPT TO RESOLVE

     I, Joel E. Faller, hereby certify, pursuant to Local Rule 7.1 (A) (2) that I have conferred and attempted in good faith to resolve or narrow the issue presented in this motion by calling counsel for the Defendants, Neil Kreuzer and sending him an email requesting a conference, both on January 3, 2021. Attorney Kreuzer did not answer my telephone call and I was unable to leave a voicemail because his voicemail box was full.  Attorney Kreuzer has not yet responded to me email

            /s/ *Joel E. Faller*
            Joel E. Faller

## CERTIFICATE OF SERVICE

     I, Joel E. Faller, hereby certify that a true copy of the above document was served upon the attorney for every other party through the ECF filing system.

            /s/ *Joel E. Faller*
            Joel E. Faller