UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SAMUEL SPITALNY, et al.           )
    Plaintiffs,                   )
                                  )
                                  )
        v.                        )   C.A. No. 21-12140-MLW
                                  )
NICHOLAS FIORILLO, et al.,         )
    Defendants.                   )
                                  )
                                  )

MEMORANDUM AND ORDER

WOLF, D.J.                                      January 13, 2022

I. INTRODUCTION

This case was filed in Suffolk County Superior Court of the Commonwealth of Massachusetts, on December 21, 2021, by plaintiffs Samuel B. Spitalny, Jacob L. Spitalny, Stephen Quillinan, and S&Q Data LLC (collectively, "plaintiffs") against defendants Nicholas Fiorillo, Gotspace Data Equity Fund I LLC, Gotspace Data Equity Fund II LLC, Gotspace Management LLC, GS Beverly LLC, GS Gloucester LLC, Gotspace Self Storage Holdings LLC, Gotspace Beverly LLC, and Gotspace Gloucester LLC (collectively, "defendants"). Plaintiffs allege that defendants have breached the terms of a promissory note executed by the parties, including by failing to repay a $5,150,000 debt owed to plaintiffs.

All of plaintiffs' claims are based on Massachusetts law. More specifically, they are for breach of contract (Counts 1 and 2); enforcement of guaranty (Count 3), which is a contract claim;

fraud and deceit (Count 4); breach of fiduciary duty (Count 5); unjust enrichment (Count 6); promissory estoppel (Count 7); and requests for equitable and declaratory relief based on the foregoing alleged violations of Massachusetts law (Counts 9 and 10).

On December 28, 2021, defendants removed the case to federal court on the basis of alleged federal question jurisdiction under 28 U.S.C. §1331 and diversity jurisdiction under 28 U.S.C. §1332. See Notice of Removal (Dkt. No. 1).

On January 4, 2022, the plaintiffs filed an Emergency Motion to Remand (Dkt. No. 3) (the "Motion to Remand") the case to state court. Plaintiffs argue that this court does not have jurisdiction because diversity of citizenship does not exist and the complaint raises no claims under federal law. See Motion to Remand (Dkt. No. 3) at 1-4. Plaintiffs request expedited relief because they "are concerned that the delay associated with the removal of this case will cause them to fall behind other creditors regarding judgment security despite having been the first creditor to file a case against Defendants." Id. at 3. After receiving two extensions of time to respond, on January 12, 2022, defendants submitted an Opposition to the Motion to Remand, and requested oral argument and an evidentiary hearing. See Dkt. No. 14 ("Def. Opp.").

The court finds that a hearing on the Motion to Remand is not necessary or appropriate. Therefore, the court is deciding the

2

Motion to Remand on the parties' submissions. <u>See</u> Rule 7.1(f) of the Local Rules of the United States District Court for the District of Massachusetts.

For the reasons explained in this Memorandum, the court finds that the Motion to Remand is meritorious. Therefore, it is ordering that this case be remanded to the Suffolk County Superior Court.

II. LEGAL STANDARDS

When a plaintiff files suit in state court and asserts exclusively state causes of action, a defendant may remove the case to the appropriate United States District Court if the case is one in which the district court could have exercised original jurisdiction. <u>See</u> 28 U.S.C. §1441(a) (removability); 28 U.S.C. §1446 (procedure for removal). United States District Courts have original jurisdiction over civil cases involving at least one claim arising under federal law, <u>see</u> 28 U.S.C, §1331 (federal question jurisdiction), and civil cases involving an amount in controversy greater than $75,000 that pits citizens of different states against each another, <u>see</u> 28 U.S.C. §1332(a), (a)(1) (diversity jurisdiction).

Complete diversity of citizenship requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). "Under generally accepted principles, citizenship is determined by domicile, which can be established by demonstrating

3

that the individual is physically present in the state and has an intent to remain indefinitely." Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010). "[A] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

A plaintiff may respond to a notice of removal by filing a motion to remand the case to state court if, among other reasons, the plaintiff asserts that the district court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). "As a matter of common practice, a district court confronted with a question of subject matter jurisdiction . . . only asks whether the complaint, on its face, asserts a colorable federal claim." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997); see also Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp. 2d 123, 126 (D. Mass. 2009) ("A motion to remand is decided by reference to the complaint at the time the petition for removal was filed.").

There is a narrow exception to the principle that whether subject matter jurisdiction exists must be decided based on the face of the complaint. "[T]he artful pleading doctrine allows a federal court to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims

4

presented." Lopez-Munoz v. Triple-S Salud, Inc., 754 F.3d 1, 5
(1st Cir. 2014). More specifically, "federal jurisdiction over a
state law claim will lie if a federal issue is: (1) necessarily
raised, (2) actually disputed, (3) substantial, and (4) capable of
resolution in federal court without disrupting the federal-state
balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258
(2013).

Generally, however, "[u]nder our dual sovereign system, the
plaintiff is the 'master to decide what law he will reply upon.'"
Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.
1999) (quoting Fair v. Kohler Die & Specialty Co., 228 U.S. 22,
25, 33 S. Ct. 410, 411 (1913)). In light of that fundamental
premise, when a plaintiff files a complaint in state court and the
defendant responds by invoking federal jurisdiction through
removal, the defendant has the burden of establishing that removal
to the district court is proper. See Valentin v. Hosp. Bella Vista,
254 F.3d 358, 366 (1st Cir. 2001); Danca, 185 F.3d at 4.

"When federal subject matter jurisdiction is doubtful, those
doubts should be resolved in favor of remand." Toglan v. Marriott
Int'l, Inc., 2011 WL 3625270, at *2 (D. Mass. Aug. 15, 2011)
(citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir.
1990); see also Padilla-Gonzalez v. Local 1575, 635 F. Supp. 2d
105, 108 (D.P.R. 2009); In re Mass. Diet Drug Litig., 338 F. Supp.
2d 198, 202 (D. Mass. 2004)).

## III. ANALYSIS

### A. Federal Question Jurisdiction

Plaintiffs assert that federal question jurisdiction does not exist in this case because the Complaint "asserts claims against Defendants arising exclusively out of Massachusetts state law." Motion to Remand (Dkt. No. 3) at 2-3. As explained earlier, the Complaint on its face does allege only violations of Massachusetts law. Plaintiffs correctly note that, in the Notice of Removal, the defendants assert that federal question jurisdiction exists because they, as the "Plaintiff[s] in counterclaim, are seeking damages arising from several causes of action, including multiple violations of federal laws." Notice of Removal (Dkt. No. 1) at 2 (emphasis added).

However, as the Supreme Court has explained, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc., 482 U.S. at 399 (emphasis in original). Therefore, "a counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

6

Defendants now also argue that federal question jurisdiction exists because the facts underlying plaintiffs' "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Def. Opp. (Dkt. No. 14) at 8 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

Defendants do not, however, explain, at least persuasively, how plaintiffs' state-law claims implicate federal law. Rather, defendants generally assert that plaintiffs' claims implicate federal law because the case involves hundreds of millions of dollars, interstate commerce, and federally regulated companies. See Def. Opp. at 9. However, the mere fact that parties are subject to federal laws and regulations is not sufficient to create federal question jurisdiction. See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006) (holding that no federal question jurisdiction existed in an action brought by a health insurer for federal employees against a federal employee's estate, even though the case involved interpretation of contract terms negotiated by the federal government); Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc., 726 F.3d 8, 14-17 (1st Cir. 2013) (holding that no federal question jurisdiction existed in a

contract dispute where federal regulations were incorporated in the terms of the contract).

In addition, defendants contend that the Complaint implicates the Fair Debt Collection Practices Act because it "is premised on the collection of an unlawful debt." Def. Opp. (Dkt. No. 14) at 11. However, defendants' arguments concerning lawfulness of the debt at issue are best characterized as defenses, and it is "settled law that a case may not be removed to federal court on the basis of a federal defense." Caterpillar, Inc., 482 U.S. at 393.

### B. Diversity of Citizenship Jurisdiction.

Diversity of citizenship does not exist in this case because it appears that both plaintiff Stephen Quillinan and defendant Nicholas Fiorillo are citizens of Massachusetts. See Motion to Remand (Dkt. No. 3) at 4. Defendants admit that Fiorillo is a resident of Massachusetts. See Notice of Removal (Dkt. No. 1) at 2 ("Nicholas Fiorillo, Co-Defendant and Plaintiff in counterclaims of this action, in his capacity as a corporate guarantor, is a resident of Massachusetts and the corporate entities he controls, have conducted business and pursued substantial real estate developments in the states of Massachusetts, Rhode Island, Connecticut, and New Hampshire."). It is undisputed that Quillinan is also a resident of Massachusetts. There is no evidence to suggest, let alone prove, that either Fiorillo or Quillinan does

not intend to remain in Massachusetts indefinitely. Therefore, each is a citizen of Massachusetts. See Hall, 599 F.3d at 72. Accordingly, defendants have not proven that the complete diversity necessary to create jurisdiction exists.[1]

Defendants attempt to evade this conclusion by arguing that this case is in essence a class action that is removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(a)(1), (2), (5). See Def. Opp. (Dkt. No. 14) at 15. More specifically, defendants argue that "[p]laintiffs here, in their own operating agreement, have agreed to jurisdiction of Federal Court in Massachusetts and Delaware. See, e.g., Compl. ¶¶ 1-2, 51, 791, 804, 818, 828, VII.A. It is 'in substance a class action' and so is properly removable under CAFA." Id. at 17 (citing cases). There is, however, no factual basis for this assertion. The Complaint in this case has 183 paragraphs. See Complaint ¶183. There are no paragraphs 791, 804, 818, or 828, and paragraphs 1, 2, and 51 do not relate to the matters defendants assert.

Similarly, defendants argue that plaintiffs have alleged claims under "the Massachusetts consumer protection statute." Def. Opp. (Dkt. No. 14) at 17. Defendants then assert that:

---

[1] In any event, as indicated earlier, even assuming, without finding, that the issue of subject matter jurisdiction is doubtful because the Complaint only alleges that Quillinan and Fiorillo are "residents" of Massachusetts, not "citizens", such doubts should be resolved in favor of remand. See Boyer, 913 F.2d at 111; Toglan Int'l, Inc., 2011 WL 3625270, at *2.

> CAFA defines "class action" with reference to "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or <u>similar State statute or rule of judicial procedure</u>." 28 U.S.C. §1332(d)(1)(B) (emphasis added). Massachusetts courts have described "action[s] brought by the Attorney under [Chapter 93A] §4" as "comparable to a class action."

<u>Id.</u> (citing cases). However, the Complaint in this case includes no reference to M.G.L. c. 93A. Therefore, defendants' argument that CAFA confers jurisdiction is unmeritorious.[2]

IV. CONCLUSION AND ORDER

In view of the foregoing, the court finds this case was improperly removed because defendants have not shown that federal jurisdiction exists. Therefore, the Motion to Remand is meritorious.

Accordingly, it is hereby ORDERED that

1. The Motion to Remand (Dkt. No. 3) is ALLOWED.

2. This case is REMANDED to the Suffolk Superior Court of the Commonwealth of Massachusetts.

UNITED STATES DISTRICT JUDGE

---

[2] The court doubts that defendants have the proper basis for their CAFA arguments required by Federal Rule of Civil Procedure 11(b)(2) and (3).